UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TROY I. WEBSTER,

               Plaintiff,

v.                                           Case No. 20-cv-880-pp

KEITH LOEHRKE, JENNIFER WORTHEN,
NICKOL BURMEISTER, ADAM BALTZ,
and FRANKLIN RICE,

               Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 23), GRANTING PLAINTIFF'S MOTION TO SUSPEND DISCOVERY (DKT. NO. 23), GRANTING PLAINTIFF'S MOTION TO SERVE NEW DEFENDANTS (DKT. NO. 23), DENYING PLAINTIFF'S MOTION TO COMPEL COUNSEL TO IDENTIFY JOHN/JANE DOE DEFENDANT (DKT. NO. 23), GRANTING PLAINTIFF'S MOTION FOR DEFENDANTS TO ANSWER AMENDED COMPLAINT (DKT. NO. 23), GRANTING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL (DKT. NO. 25), DENYING PLAINTIFF'S SECOND MOTION TO COMPEL (DKT. NO. 28), DENYING PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL (DKT. NO. 31), GRANTING PLAINTIFF'S MOTION TO REVISE SCHEDULING ORDER DEADLINES (DKT. NO. 34), DENYING PLAINTIFF'S MOTION FOR A STATUS HEARING (DKT. NO. 35) AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 41)**

---

Plaintiff Troy I. Webster, who is confined at the Redgranite Correctional Institution, filed this civil rights case under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment medical care claim based on allegations that due to symptoms from his MS condition, he fell, suffered a concussion and experienced severe pain and that the defendants did not help him until the next day. Dkt. No. 14 at 7. The plaintiff has filed two motions to amend the complaint, three motions

1

to compel, a supplemental motion to compel, a motion to revise the scheduling order deadlines and a motion for a status hearing. Dkt. Nos. 23, 25, 28, 31, 34, 35, 36,[1] 41. The court addresses all but one of these motions below.

I. **Motion to Amend Complaint, Dkt. No. 23**

In March of this year, the plaintiff filed a motion to amend the complaint along with a proposed amended complaint.[2] Dkt. Nos. 23, 23-2. The motion stated that the plaintiff had identified two additional defendants involved in his complaint allegations, Captain Tom Larson and John/Jane Doe R.N., and he sought leave to add them as defendants. Dkt. No. 23 at 2.

The court ordinarily would have granted the plaintiff's motion to amend. But he since has filed a second motion to amend, proposing another revision to the complaint. Dkt. No. 41. The second motion, filed on July 6, 2021, seeks to further revise the complaint to add state-law negligence claims. The plaintiff attached to this motion a proposed third amended complaint.[3] Dkt. No. 41-2.

---

[1] This motion has not yet been fully briefed.

[2] The plaintiff attached to his motion a "proposed first amended complaint" and a "proposed second amended complaint." Dkt. Nos. 23-1, 23-2. The proposed first amended complaint (Dkt. No. 23-1) is a copy of the original complaint (Dkt. No. 1). The proposed second amended complaint (Dkt. No. 23-2) is the plaintiff's proposed amended complaint, which included the two new defendants.

[3] The plaintiff attached to his motion a "proposed second amended complaint" and a "proposed third amended complaint." Dkt. Nos. 41-1, 41-2. The proposed second amended complaint (Dkt. No. 41-1) is a copy of the proposed amended complaint he sought to file in March (Dkt. No. 23-2). The proposed third amended complaint (Dkt. No. 41-2) is the plaintiff's proposed amended complaint that adds the negligence claims.

2

The court will deny as moot the plaintiff's March 2021 motion to amend the complaint. Dkt. No. 23. The court will grant the plaintiff's July 6, 2021 motion to amend. Dkt. No. 41. The court will instruct the clerk's office to docket Dkt. No. 41-2 as the first amended complaint, and will order service of the first amended complaint on Captain Tom Larson. The plaintiff will need to use discovery to identify defendant John/Jane Doe R.N. Once the named defendants have answered the first amended complaint, the court will set a deadline for the plaintiff to identify the Doe defendant.

The plaintiff's March 2021 motion to amend included several other requests. First, he asked the court to suspend discovery until the newly named defendants have been served and answered the amended complaint. Dkt. No. 23 at 7. The court will grant this motion. The court will set new case deadlines once the named defendants answer the amended complaint, including a deadline to identify the Doe defendant.

Second, the plaintiff moved to serve the defendants. Id. The court will grant this request and will order service of the amended complaint on the newly named defendant. Once the plaintiff identifies the real name of the Doe defendant, the court will order service of the amended complaint on that defendant.

Third, the plaintiff asked the court to order the defendants' counsel to identify the Doe defendant. Id. The court will deny this motion. As stated above, the plaintiff should use discovery to identify the Doe defendant.

Fourth, the plaintiff asked the court to order the defendants to answer the amended complaint. Id. The court will grant this request and will instruct the defendants to answer the first amended complaint (Dkt. No. 41-2).

## II. Motions to Compel Discovery, Dkt. Nos. 25, 28, 31

### A. First Motion to Compel (Dkt. No. 25)

In his first motion to compel, the plaintiff asked an order compelling the defendants to produce surveillance footage from December 1, 2019 and the defendants' personnel files. Dkt. Nos. 25, 26. The defendants contend that the court should deny the motion because there is no responsive surveillance footage and because the defendants' personnel files are confidential for security reasons. Dkt. No. 32 at 3-5.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). When determining whether discovery is appropriate, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

"The federal notice pleading system contemplates that parties will have broad discovery to investigate the facts and help define and clarify the issues." Grayson v. City of Aurora, No. 13-CV-1705, 2013 WL 6697769, at *2 (N.D. Ill. Dec. 19, 2013) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351

4

(1978)). "The Federal Rules of Civil Procedure allow parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Clark v. Ruck, No. 13-CV-03747, 2014 WL 1477925, at * 2 (N.D. Ill. Apr. 15, 2014) (quoting Fed. R. Civ. P. 26(b)(1)). And, "[b]ecause discovery is concerned with 'relevant information'—not 'relevant evidence'—the scope of relevance for discovery is necessarily broader than it is for trial evidence under Federal Rule of Evidence ("FRE") 401." Grayson, 2013 WL 6697769, at *2.

The court will deny the plaintiff's motion to compel regarding video surveillance footage because the defendants have explained that such footage does not exist. Dkt. No. 32 at 4. Moreover, the plaintiff has not asserted that he requested that surveillance footage from December 1, 2019 be preserved and even if he had, footage from outside of his cell would not be relevant to his claim. Id.

Turning to the plaintiff's request for the defendants' personnel files, the plaintiff sought "information related to any performance reviews including but not limited to disciplinary action, citations/commendation relating to the performance of [the defendants] in [their] current positions from date of hire to present." Dkt. No. 27 at 1-2. Disciplinary records of correctional officers are discoverable because other "bad acts" may be admissible to prove issues such as motive, intent, lack of mistake or *modus operandi*. Fed. R. Civ. P. 404(b); Lepianka v. Vill. of Franklin Park, 2004 WL 626830, at *2 (N.D. Ill. March 26, 2004). A party may seek discovery of any matter that may lead to relevant evidence and that is proportional to the needs of the case. See Fed. R. Civ. P.

5

26(b)(1); see, e.g., Pruitt v. Knight, 2019 WL 1416726, at *1 (S.D. Ind. March 29, 2019). Records concerning any discipline related to the defendants' current positions may be relevant and discoverable. See Atchison v. Huffman, No. 18-CV-3019, 2019 WL 1957942, at *1 (C.D. Ill. May 2, 2019). The court recognizes that disclosure of prison staff members' personnel records to inmates raises security concerns. See e.g., Blank v. Poeschl, No. 19-cv-534, 2020 WL 5517334, at *1 (E.D. Wis. Sept. 14, 2020). Therefore, the court will grant the plaintiff's motion to compel disclosure of the defendants' disciplinary records, if any, that may be relevant to the plaintiff's claim, with the caveat that the defendants may redact these materials to withhold sensitive security information. The defendants must provide the court with unredacted copies.

B.   Second Motion to Compel (Dkt. No. 28)

In his second motion to compel, the plaintiff asks the court to order the defendants to produce emails he requested in his second request for production of documents. Dkt. Nos. 28, 29 at 1. According to the plaintiff, the attorney-client privilege does not apply to the emails he requested, and the documents he requested are relevant to his claims. Dkt. No. 29 at 2-4. The defendants contend that the court should deny the motion to compel because they have produced all relevant, non-privileged emails. Dkt. No. 32 at 5-6.

The defendants explain that when they responded to the plaintiff's discovery demands, they "made a general objection to any requests that sought attorney-client privileged communications." Id. at 6. They speculate that the plaintiff interpreted that general objection "to mean that there were relevant

emails regarding the investigation of Plaintiff's ICRS complaints that were being withheld on the basis of attorney-client privilege." Id. The defendants explain that no lawyer was involved in any decisions relating to the plaintiff's grievances or any security investigation and that the defendants have not withheld any relevant emails based on attorney-client privilege. Id. Given that, the court will deny the plaintiff's motion to compel regarding emails.

The plaintiff's second motion to compel also indicated that he had reviewed his medical file and that he could not find the neurological exam Nurse Practitioner Christine Burnett had provide to inmate complaint examiner N. Beier in relation to complaint RGCI-2020-42171. Dkt. No. 29 at 4; Dkt. No. 30 at 2. The defendants respond that the report was attached to the complaint decision (and also argue that that particular inmate complaint is not relevant to the incident at issue). Dkt. No. 32 at 6. The court notes that the defendants filed with the court RGCI-2020-42171, and the neurological exam report is attached. Dkt. No. 33-2 at 55. The court will deny the plaintiff's motion to compel as to this record; it encourages the plaintiff to look through his medical record again and to look at the documents attached to RGCI-2020-42171.

  C. <u>Supplemental Motion to Compel (Dkt. No. 31)</u>

The plaintiff filed a supplement to his second motion to compel in which he asks the court to conduct an *in camera* review of the defendants' performance and disciplinary records and "Personnel Investigation report(s)" for information relevant to this case. Dkt. No. 31 at 1. The defendants contend that the supplemental motion to compel is premature to the extent that it

7

relates to the investigative reports related to the incident because the investigation documents at issue in the supplemental motion to compel were requested in the plaintiff's third set of discovery requests, which at the time the defendants filed their response were not yet due. Dkt. No. 32 at 7. The defendants also contend that the motion to compel the defendants' performance and disciplinary records must be denied, as they argued in response to the plaintiff's second motion to compel. Id.

The court will deny as moot the plaintiff's request that it conduct an *in camera* review of the defendants' performance and disciplinary records. It has granted the plaintiff's motion to compel production of those records (albeit redacted). And the court will deny as moot the plaintiff's request regarding the personnel investigation reports because the request is premature. The plaintiff may renew his motion to compel if he does not receive the documents.

**III.   Plaintiff's Motion for Revision of Scheduling Order, Dkt. No. 34**

The plaintiff has filed a motion to revise the scheduling order deadlines. Dkt. No. 34. The court will grant the plaintiff's motion and it will set new deadlines after the named defendants have filed a responsive pleading to the first amended complaint.

**IV.   Plaintiff's Motion for a Status Hearing, Dkt. No. 35**

The plaintiff has asked the court to hold a status hearing to consider the various motions to compel. Dkt. No. 35. The court will deny that request; it has addressed all of the fully-briefed motions to compel in this order. The plaintiff has one outstanding motion to compel, filed on June 24, 2021. Dkt. No. 36.

The deadline for the defendants to respond to that motion has not yet passed. The court will rule on that motion once it is fully briefed.

**V.      Conclusion**

The court **DENIES AS MOOT** the plaintiff's motion to amend complaint. Dkt. No. 23.

The court **GRANTS** the plaintiff's motion to suspend discovery. Dkt. No. 23. The court **STAYS** the scheduling order deadlines.

The court **GRANTS** the plaintiff's motion to serve new defendants. Dkt. No. 23.

The court **DENIES** the plaintiff's motion to compel counsel to identify John/Jane Doe defendant. Dkt. No. 23.

The court **GRANTS** the plaintiff's motion for defendants to answer amended complaint. Dkt. No. 23.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's first motion to compel discovery, as described herein. Dkt. No. 25.

The court **DENIES** the plaintiff's second motion to compel discovery. Dkt. No. 28.

The court **DENIES** the plaintiff's supplemental motion to compel discovery. Dkt. No. 31.

The court **GRANTS** the plaintiff's motion to revise scheduling order deadlines. Dkt. No. 34. The court will set new deadlines once the named defendants have filed a responsive pleading to the amended complaint.

The court **DENIES** the plaintiff's motion for a status conference. Dkt. No. 35.

The court **GRANTS** the plaintiff's motion to amend complaint. Dkt. No. 41. The court **ORDERS** that the Clerk of Court must docket the proposed third amended complaint (dkt. No. 41-2) as the "first amended complaint;" this will be the operative complaint.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the first amended complaint (dkt. no. 41-2) and this order to the Wisconsin Department of Justice for service on defendant Captain Tom Larson. Under the informal service agreement, the court **ORDERS** defendants Keith Loehrke, Jennifer Worthen, Nickol Burmeister, Adam Baltz, Franklin Rice and Captain Tom Larson to file a responsive pleading to the first amended complaint within 21 days.

Dated in Milwaukee, Wisconsin this 13th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**